UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60556-SINGHAL/VALLE

SOCIAL ATHLETE,
d/b/a Seth Holbrook, LLC,

    Plaintiff,

v.

DUSTIN YOUNG,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

This cause comes before the Court upon Defendant Young's Second Verified Motion for Attorneys' Fees (ECF No. 29) (the "Motion"). United States District Judge Raag Singhal has referred the Motion to the undersigned for a report and recommendation. (ECF No. 30). On December 13, 2023, the undersigned issued an Order to Show Cause. (ECF No. 35). To date, however, Plaintiff has failed to respond to the Motion or to this Court's Order to Show Cause.

Having reviewed the Motion, and being otherwise fully advised in the matter, the undersigned recommends that Defendant's Motion be **GRANTED IN PART** as set forth below.

**I.    BACKGROUND**

On February 24, 2022, Plaintiff Social Athlete ("Plaintiff") filed a two-count Complaint in the Seventeenth Judicial Circuit, in and for Broward County, Florida, demanding injunctive relief and asserting a claim for breach of contract against Defendant Dustin Young ("Defendant"). *See* (ECF No. 1-1). On March 15, 2022, Defendant filed a Notice of Removal pursuant to U.S.C. § 1441(a) alleging federal jurisdiction under 17 U.S.C. §§ 201, 301 (the "Copyright Act"). (ECF No. 1).

Subsequently, on April 4, 2022, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted.[1] (ECF No. 8). On October 31, 2022, the District Court granted in part Defendant's Motion to Dismiss for failure to state a claim. (ECF No. 17 at 3). On December 7, 2022, Defendant filed an initial motion for fees, which the undersigned denied without prejudice pending the Court's ruling on Plaintiff's Motion to Vacate Judgment against Plaintiff. (ECF No. 26); *see also* (ECF No. 24) (Plaintiff's 2/28/2023 Motion to Vacate Judgment).

On June 30, 2023, the District Court denied Plaintiff's Motion to Vacate Judgment, concluding that Plaintiff did not state any grounds for relief, offer any case law in support of its motion, or provide context for the request to vacate. (ECF No. 28 at 4). The instant Motion followed.

## II.     **DEFENDANT'S ARGUMENT**

Defendant argues that he is entitled to recover attorney's fees and costs as the prevailing party pursuant to multiple statutory provisions. *See generally* (ECF No. 29). First, Defendant asserts that he is entitled to an award of fees pursuant to Florida Statute § 57.105(1)(a), which provides for an award of reasonable attorney's fees to a prevailing party when the losing party or its counsel knew or should have known that a claim (when initially presented) was not supported by the material facts necessary to establish the claim. *Id.* at 3. Second, Defendant argues that the Court should award attorney's fees pursuant to Florida Statute § 57.105(7), which provides for the reciprocal application of an otherwise unilateral contract clause providing for prevailing party

---

[1] Defendant's filing also asserted counterclaims, which are irrelevant to the instant Motion. (ECF No. 8 at 4-12).

attorney's fees.[2] *Id.* Lastly, Defendant argues that the Court should award attorney's fees pursuant to 17 U.S.C. § 505, which provides for an award of attorney's fees and costs in federal copyright litigation. *Id.* at 3-4.

For the reasons set forth below, the undersigned finds that Defendant is entitled to his reasonable attorney's fees pursuant to Florida Statute § 57.105(7). The Court, therefore, need not address the other potential bases for entitlement to fees and costs.

### III. FEES PURSUANT TO FLA. STAT. § 57.105(7)

Generally, prevailing litigants are not entitled to an award of attorneys' fees unless provided by statute or contract. *See, e.g., In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). The party seeking attorney's fees bears the burden of establishing entitlement. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.") (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

Here, although Defendant removed this action to federal court relying on alleged violations of copyright law, *see, e.g.*, (ECF No. 1 at 2), Plaintiff's claims result from an alleged breach of contract and only generally reference "copyright" matters. *See generally* (ECF No. 1-1). For example, the Complaint alleges that: (i) "[t]his is an action by Plaintiff against Defendant for breach of contract[;]" (ii) "[a]s a covenant in the November 21 management retention agreement, Defendant agreed that Plaintiff would own the copyright to all content produced under the agreement between the parties; (iii) "Defendant breached his agreement with Plaintiff[;]" and (iv) "Defendant materially breached his contract in December 2021, and said breach has materially

---

[2] Here, the relevant contract provision is Section 6(f) of the Service Contract between the parties. (ECF No. 36 at 8); *see also* (ECF No. 29 at 3).

injured Plaintiff[.]" *See* (ECF No. 1-1 at ¶¶ 1, 7, 9, 17).  Upon Court Order, Defendant filed the contract referenced in the Complaint (the "Service Contract"), which confirms that the Service Contract is governed by Florida law and contains a pertinent fee provision.  *See* (ECF No. 36 at 8, 13).

*A. The Service Contract Forms the Basis for Defendant's Entitlement to Fees*

The Service Contract forms the basis for Defendant's entitlement to fees.  Reliance on the Service Contract to determine entitlement is supported by the District Court's Order dismissing the case for failure to state a claim.  In its Order dismissing the claims, the District Court focused on the alleged breach of contract without reference to federal copyright law.  More specifically, the District Court concluded that:

> Plaintiff's Complaint (DE [1]) does not contain sufficiently developed factual allegations for which Defendant can discern the claim being made against it. Plaintiff refers to a so-called management retention agreement as the basis for its claims against Defendant but fails to attach it to the Complaint, quote portions of it within the Complaint, or even refer to its specific terms thereby failing to support its claim for breach of contract.  Additionally, Plaintiff claims Defendant failed to make payments arising from this agreement, thus giving rise to its demand for injunctive relief and in support of its breach of contract claim.  Plaintiff, however, fails to provide this Court with any information regarding the purported monthly installment amounts and does not attach any such judgment or reference to an outstanding balance.

(ECF No. 17 at 3).  Therefore, pursuant to the Service Contract, as governed by Florida law, attorney's fees may be awarded to the prevailing party pursuant to a contractual agreement authorizing such recovery. *Hendershott v. Ostuw*, No. 20-CV-80006, 2021 WL 4049305, at *2 (S.D. Fla. Aug. 31, 2021) (citing *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004)).

Here, Section 6(f) of the Service Contract provides that:

> In an action initiated by [Plaintiff] to enforce any of the provisions of [the Service Contract] or to seek damages for breach of the provisions of [the Service Contract], [Plaintiff] shall be entitled to recover reasonable attorney's fees.

4

(ECF No. 36 at 8). Application of Section 6(f)'s unilateral fee provision to Defendant's Motion for fees is based on Florida Statute § 57.105(7). Section 57.105(7) states that:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

§ 57.105(7), Fla. Stat. On its face, § 57.105(7) provides for the reciprocal application of an otherwise unilateral contractual clause for prevailing party attorney's fees. *See Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1336 (11th Cir. 2018) (citing *Merchants Bonding Co. (Mut.) v. City of Melbourne*, 832 So. 2d 184, 185 (Fla. 5th DCA 2002)); *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 950 (Fla. 2020) (holding that "unilateral fee provisions . . . are made reciprocal to the prevailing [party] under section 57.105(7)"). Thus, § 57.105(7) applies when two conditions are met: (i) the contract includes "a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract," and (ii) the other "party prevails in any action, whether as plaintiff or defendant, with respect to the contract." *Ham,* 308 So. 3d at 947-48; *see also Page v. Deutsche Bank Tr. Co. Americas*, 308 So. 3d 953, 959 (Fla. 2020).[3] Both conditions of § 57.105(7) must be satisfied before fees may be reciprocally awarded. *Page*, 308 So. 3d at 959.

Here, the Service Contract provides for an award of reasonable attorney's fees in an action initiated by Plaintiff to enforce any provision of the contract. (ECF No. 36 at 8). Thus, the first prong of § 57.105(7) is satisfied. Further, Defendant prevailed on his motion to dismiss the

---

[3] *Ham* and *Page* were issued on the same day (December 31, 2020). In both cases, the Florida Supreme Court applied principles of statutory construction to find that the prevailing parties were entitled to attorney's fees under § 57.105(7)'s reciprocal application. *Castellanos v. Reverse Mortg. Funding LLC*, 320 So. 3d 904, 905 n.1 (Fla. 3d DCA 2021); *see also Gartner v. Reverse Mortg. Sols., Inc.*, 322 So. 3d 751 (Fla. 1st DCA 2021) (discussing *Ham* and *Page* to conclude that mortgagor was eligible to recover attorney's fees under § 57.105(7)).

Complaint for failure to state a claim and is therefore deemed the "prevailing party" in this case. *Sodikart USA v. Geodis Wilson USA, Inc.*, No. 14-CV-22461, 2014 WL 6968073, at *3 (S.D. Fla. Dec. 9, 2014) (finding defendant was prevailing party upon dismissal of claims). Thus, the second prong of § 57.105(7) is likewise satisfied. *Ham*, 308 So. 3d at 947 (requiring defendant to have prevailed "in any action . . . with respect to the contract"). Accordingly, since both statutory prongs have been met, the unilateral fee provision in Section 6(f) of the Service Contract will be reciprocally applied to benefit Defendant. *Ham*, 308 So. 3d at 949. Defendant is, therefore, entitled to an award of attorney's fees.

### B. Determining Reasonable Fees

Having determined that Defendant is entitled to fees as a prevailing party and by application of § 57.105(7), the undersigned next addresses the reasonableness of the requested fees. In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman*, 836 F.2d at 1299. Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla.

6

Dec. 3, 2013) (reducing fee request with across-the-board reduction for billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id*. Additionally, the court may use its own expertise to fashion a pragmatic and reasonable remedy as "a request for attorney's fees should not result in a second major litigation." *Taylor Newman Cabinetry*, 436 F. App'x 888, 895 (11th Cir. 2011) (*citing Hensley*, 461 U.S. at 437).

*1. Reasonable Hourly Rates*

In the Motion, Defendant seeks $14,232.40 in attorney's fees for work performed by the law firm of Rendiero Law, P.A., who merged into Henderson, Franklin, Starnes, and Holt, P.A. *See* (ECF Nos. 29 at 10, 29-3 at 1, 2). Attorney Rendeiro (the only lawyer on the case) has filed a Declaration in Support of the Motion. (ECF No. 29-3). Attorney Rendeiro is a 2018 graduate of Ohio Northern University Petit College of Law and billed at a reduced hourly rate of $300. *Id.* at 1, 2; *see also* https://www.floridabar.org/directories/find-mbr/profile/?num=1009360 (last visited Jan. 26, 2024); (ECF No. 23 at 1) (Notice of Previously Awarded Attorney Fees and Costs indicating that attorney Rendeiro was previously awarded fees in this District based on rates of $250-$350 an hour). The undersigned finds that the $300 hourly rate for attorney Rendeiro is reasonable for the South Florida community. *See, e.g., Tebbbutt v. Anderson*, No. 21-CV-81602 (S.D. Fla. Dec. 30, 2022) (ECF Nos. 37, 38) (awarding $275/hr to fourth year associate); *Barberi v. TCB Sport Ent. LLC*, No. 21-CV-60726, 2022 WL 625239, at *3 (S.D. Fla. Feb. 16, 2022), *report and recommendation adopted*, 2022 WL 624998 (S.D. Fla. Mar. 3, 2022) (awarding $420/$325 to attorneys with approximately 17 and 11 years of experience, respectively); *Garcia v. J & J, Inc.*, No. 19-CV-60728, 2021 WL 633377, at *6 (S.D. Fla. Feb. 1, 2021), *report and*

*recommendation adopted*, 2021 WL 616529 (S.D. Fla. Feb. 17, 2021) (awarding $350/hr to attorneys with 9-10 years of experience); *Alexandre v. Millenia Housing Mngm't Ltd.*, No. 19-CV-80612 (S.D. Fla. Mar. 4, 2020) (ECF No. 62) (recommending award of $400/hr to attorney with 39 years of experience); *Garcia v. Pajeoly Corp.*, No. 18-CV-23399, 2020 WL 764127, at *4 (S.D. Fla. Jan. 10, 2020), *report and recommendation adopted*, 2020 WL 764035 (S.D. Fla. Jan. 31, 2020) (awarding hourly rates of $375/$325 to attorneys with approximately 25 and 10 years of experience, respectively).

Further, the Court is "deemed an expert on the issue of hourly rates in this community and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Fiedler v. Anglin's Beach Café, LLC*, No. 15-CV-60989, 2017 WL 1278632, at *1 (S.D. Fla. April 3, 2017) (quoting *Loranger*, 10 F.3d at 781). Accordingly, based on counsel's experience, qualifications, and the prevailing market rates in South Florida, the undersigned recommends that counsel be awarded fees at the requested hourly rate, without reduction.

*2. Reasonable Hours Expended*

Having determined counsel's reasonable hourly rates, the undersigned next determines the reasonableness of the hours expended. Generally, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley*, 461 U.S. at 434. That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (quotations and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Barnes*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time

claimed for the task. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

The billing records supporting the Motion reflect conflicting fee amounts. *See* (ECF No. 29-2). More specifically, although Defendant requests $14,232.40 in fees, the attached invoices total $8,922 for time billed by attorney Rendeiro between March and October 2022.[4] *Compare* (ECF No. 29 at 10, 11)*, with* (ECF No. 29-2 at 2, 5, 7, 9, 11). Further, according to attorney Rendeiro's Declaration, the requested attorney's fees result from $300/hr multiplied by 30.3 hours of work, totaling $9,094.40, again lower than the $14,232.40 requested in the Motion. *Compare* (ECF No. 29 at 10, 11)*, with* (ECF No. 29-3 at 2). Without support for the higher fee request, the undersigned finds that Defendant is entitled to the fee amount that is supported by the billing records. Accordingly, the undersigned recommends that Defendant be awarded $8,922 in attorney's fees.

*3. Costs*

Lastly, although the Motion generally references Defendant's requests for costs, *see, e.g.*, (ECF Nos. 29 at 11, 29-3 at 2), Defendant has failed to specify the costs incurred.[5] Accordingly, the Court should deny Defendant's request for costs. *See, e.g.*, *Herrera v. Bank of Am., N.A.*, No. 15-CV-62156, 2017 WL 8812724, at *5 (S.D. Fla. Dec. 20, 2017) (recommending denial of costs where defendant provided no supporting evidence), *report and recommendation adopted*, 2018 WL 1859302 (S.D. Fla. Jan. 4, 2018).

---

[4] This amount is the sum supported by the invoices: $1,932, $5,760, $960, $150, and $120. *See* (ECF No. 29-2 at 2) (March 2022); *id.* at 5 (June 2022); *id.* at 7 (July 2022); *id.* at 9 (October 2022); *id.* at 11 (August 2022).

[5] Although the Rendeiro Declaration includes a page reflecting minimal postage costs, there is no explanation to support the receipt. (ECF No. 29-4 at 4).

## IV.     RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant Young's Second Verified Motion for Attorneys' Fees (ECF No. 29) be **GRANTED IN PART AND DENIED IN PART**.  Defendant should be awarded $8,922 in attorney's fees, but should not recover costs.

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2023); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on January 26, 2024.

_____<br>
ALICIA O. VALLE<br>
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    All counsel of record